UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAST HILL FUND, L.P., <br><br> Plaintiff, <br><br> -against- <br><br> AMERICAN INTERNATIONAL HOLDINGS CORP., JACOB COHEN, and MANGOCEUTICALS, INC., <br><br> Defendants. | Civil Action No.: <br><br> (Superior Court No.: 2484-CV-01736) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447, Defendants American International Holdings Corp. ("AMIH"), Jacob Cohen ("Mr. Cohen"), and Mangoceuticals, Inc. ("Mango") (collectively, "Defendants"), by and through their undersigned attorneys of record, hereby remove to this Court the state action described herein from the Superior Court for the County of Suffolk, Massachusetts (the "Superior Court") to the United States District Court for the District of Massachusetts. Pursuant to U.S.C. § 1446(d), copies of this Notice of Removal shall be served on Plaintiff Mast Hill Fund, L.P.'s ("Plaintiff") counsel at the addresses listed on Plaintiff's Superior Court action and filed with the clerk of the Superior Court. The specific grounds for removal are detailed below.

## INTRODUCTION

1. On or about September 4, 2024, Plaintiff served a Summons and Complaint ("Complaint") against Defendants in the Superior Court (the "State Action"). A copy of the Summons and Complaint in the State Action is attached hereto as Exhibit 1.

1

2. The State Action purports to assert the following causes of action: (i) breach of contract against AMIH; (ii) breach of the implied covenant of good faith and fair dealing against AMIH; (iii) money had and received against AMIH; (iv) fraud in the inducement against Mr. Cohen; (v) tortious interference with contractual relationship against Mr. Cohen; and (vi) tortious interference with contractual relationship against Mango. (*See generally* Ex. 1.)

3. The causes of action alleged in the Complaint are derived from a Securities Purchase Agreement, promissory notes, and a waiver executed by Plaintiff and AMIH. (*Id*.) Plaintiff seeks damages of at least $982,555.79. (*Id*. at 10-11.)

4. Defendants reserve all of their rights, including but not limited to their rights to raise defenses and objections as to venue and personal jurisdiction and to move to dismiss the Complaint; this Notice of Removal shall not be construed as a waiver of these rights. Defendants further reserve the right to amend or supplement this Notice of Removal.

## BASIS FOR REMOVAL

### *I. Removal is Proper Because This Court Has Original Jurisdiction*

5. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has original subject matter jurisdiction over this dispute because: 1) complete diversity exits between the parties; and 2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *a. Diversity of Citizenship*

6. The requirement of complete diversity of citizenship, which exists if no plaintiff in an action is a citizen of the same state as any defendant, is satisfied here. A corporation is considered a citizen of the state of its incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A limited partnership takes on the citizenship of its partner(s). *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F. 4th 691, 693 (1st Cir. 2023). An

individual is a citizen of the state where he is domiciled. *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st. Cir. 1992). Diversity is determined at the time the action is filed. *Branyan v. Southwest Airlines Co.*, 2015 U.S. Dist. LEXIS 32711, at *3 (D. Mass. March 17, 2015).

7. Upon information and belief, Plaintiff is a citizen of Massachusetts and California. According to the Secretary of the Commonwealth of Massachusetts, Corporations Division, Plaintiff's General Partner is Mast Hill General Partner, LLC. (*See* Exhibit 2.) Mast Hill General Partner, LLC's members are Strago, LLC, a California limited liability company, and Fast Lane Murphy LLC, a Massachusetts limited liability company. (*See* Exhibit 3.) The lone member and registered agent of Fast Lane Murphy LLC is Lane Murphy, who appears to be located in Braintree, MA 02184. (*See* Exhibit 4.) According to the Secretary of State of California, Strago LLC's lone member and registered agent is Patrick Hassani, who appears to be located in Cypress, CA 90630. (*See* Exhibit 5.)

8. AMIH is a citizen of Nevada and Texas; it was incorporated in Nevada, and its principal place of business is located in Electra, Texas. (Declaration of Jacob Cohen ("Cohen Decl.") at ¶ 3.) Mr. Cohen is a citizen of Texas. (*Id*.) Mango is a citizen of Texas; it was incorporated in Texas, and its principal place of business is located in Dallas, Texas. (*Id*.) Because no Defendant is a citizen of Massachusetts or California, and because neither Mr. Murphy nor Mr. Hassani is a citizen of Nevada or Texas, there is complete diversity among the parties to the State Action.

### b. Amount in Controversy

9. The amount in controversy in this action exceeds $75,000. To determine the amount in controversy, a court looks to the face of the complaint. 28 U.S.C § 1446(c)(2).

3

10. Plaintiff's Complaint claims money damages of more than $870,000 resulting from AMIH's alleged breaches of contract and Mango and Mr. Cohen's alleged tortious and fraudulent conduct.  (*See* Ex. 1 at ¶¶ 13-14.)

## II. Defendants Have Satisfied the Procedural Requirements for Removal

11. Defendants' Notice of Removal satisfies the federal and local procedural requirements for removing a civil action from state to federal court.

12. Plaintiff served the Complaint on September 4, 2024. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. §1446(b)(1), which provides that such notice must be filed within 30 days after the defendant's receipt of the complaint.

13. Further, this Court is the proper court to which to remove this action, as it is "the district court of the United States for the district and division embracing the place where such action is pending". 28 U.S.C. §1446(a).

14. No previous application has been made for the removal requested herein.

15. As previously noted, copies of this Notice of Removal are being filed with the Superior Court.

**WHEREFORE**, Defendants respectfully give notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447, the above-captioned Action, Superior Court No. 2484-CV-01736, is hereby removed to this Court.

        Respectfully submitted,

        AMERICAN INTERNATIONAL HOLDINGS,
        CORP., JACOB COHEN, and
        MANGOCEUTICALS, INC.,

By their attorneys,

/s/ Tara A. Singh
Elizabeth J. McEvoy (BBO No. 683191)
Tara A. Singh (BBO No. 697128)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Tel:   617-345-9000
Fax:  617-345-9020
Email:  emcevoy@hinckleyallen.com
          tsingh@hinckleyallen.com

Dated:  October 4, 2024

## CERTIFICATION OF SERVICE

I, Tara A. Singh, hereby certify that a true and correct copy of the above and foregoing was electronically filed using the Court's electronic filing system this 4th day of October, 2024, and served to all counsel of record via email and first-class mail at the following address(es):

Timothy Cornell
Cornell Dolan, P.C.
Ten Post Office Square, Suite 800 South
Boston, MA 02109
tcornell@cornelldolan.com


/s/ Tara A. Singh
Dated: October 4, 2024